WILLAMETTE FALLS TRANSPORTATION AND MILLING COMPANY, Plaintiffs in Error, *v.* JOSEPH B. RILEY, Defendant in Error.

### *Error to Clackamas.*

1. An action for a mechanics' lien—what is a sufficient summons.
2. What is a sufficient complaint and verification.
3. What is a sufficient notice to be filed with the recorder.
4. Effect of repealing mechanics' lien law.
5. When the lien attaches.
6. Interest may be allowed on a lienable item.

*Pratt & Campbell,* for plaintiffs in error.

*J. K. Kelly,* for defendant in error.

WILLIAMS, C. J.   Riley sued the "Falls Company" for work and labor done upon their buildings, and obtained a judgment by default, in the District Court, for the sum of $779 30, and a lien therefor on said buildings.

Among various other objections made to the proceedings of the court below, it is contended, in the first place, that the notice in the summons is insufficient to entitle Riley to the judgment in this case.   Section 27, page 68, of the Statutes of Oregon, is as follows : " There also shall be inserted in the summons a notice, in substance as follows : In an action arising on contract, for money, or damages only, that the plaintiff will take judgment for a sum specified therein, if the defendant fail to answer the complaint.

In other actions, that " if the defendant fail to answer the complaint, the plaintiff will apply to the court for the relief demanded therein."   The motion in this case is, " that the plaintiff will take judgment for a sum specified therein, if the defendant fail to answer the complaint."   This notice, it is

said, is defective, because it does not also state that judgment will be taken for a lien; but this objection we think not well-founded, for the statute classifies actions, and provides that, " in the class of actions arising on contract for the recovery of money or damages only," there shall be such a notice as was given in this case. Manifestly, then, the notice was right, for this is an " action arising on contract for the recovery of money only," though the court is empowered, under certain circumstances, to order that the judgment, instead of being a general lien upon the real estate of the defendant therein, shall be a lien upon a specific part of such estate. This order relates, however, to the execution, rather than the recovery of the judgment, and is not obtained without the service upon the defendant of a copy of the complaint in which it is claimed. The verification to the complaint, it is said, in the second place, is insufficient to entitle Riley to his judgment for a lien. Kelly, attorney for plaintiff below, makes affidavit to the complaint, and states his belief of its truth, on the ground " that the promissory note upon which the action is founded is in his possession, and that he presented the same to Daniel H. Ferguson, the acting agent of the defendants, who did not deny the correctness of the same."

*Sec. 54, page 74, Statutes of Oregon,* provides, " that in the absence of the party the pleadings may be verified by any person having a knowledge of the facts; and when the affidavit shall be made by any other person than the party, he shall set forth in it his knowledge, or the grounds of his belief, on the subject." Now, the promissory note referred to is a mere promise to pay for value received, and evidence, therefore, of nothing but indebtedness, so that as to the other allegations in the complaint, upon which the right of lien depends, the attorney professes to have no knowledge or grounds of belief. Those averments, then, showing the existence of a lien, are in effect not verified at all, so that the court below adjudged to the plaintiff there a specific lien upon the buildings of the defendant, with no other evidence before it except the unverified statements of said plaintiff's attorney.

Willamette Falls, &c., Co. *v.* Riley.

We think that the letter and reason of the statute have been overlooked in this verification, for it is evident that any stranger seeing the note referred to, without any knowledge as to the alleged contract for work and labor, might make an affidavit just as good as the one attached to the complaint in this case.

Plaintiffs in error have urged, with great earnestness, that Riley acquired no lien for his work and labor upon their buildings, and therefore the judgment of the District Court should be reversed. They argue that Riley commenced work in June, 1853, under a contract of that date, and continued so to work until the 10th of September, 1854 ; that on the first of May, 1854, the statute of 1851, under which said contract was made, was repealed without any saving clause, and that by virtue of such repeal, the growing, but not then perfect right of lien, was destroyed, and that no lien was obtained under the act of 1854, for that only applies to work done after its passage. When Riley commenced labor upon the buildings of said company, the law, to secure the payment of his wages, gave him a lien therefor upon said buildings, and required him, within sixty days from their completion, to file a notice of his intention to hold such lien ; but before said buildings were completed, the law was repealed, and another enacted at the same time, which allowed him three months in which to file, and in which he did file, said notice. Now, as one statute ceased to exist, and the other was created *uno flatu*, we think that the act of 1854 may be regarded as a continuation of the act of 1851, so that the laborer may have that security for his hire which the law promised when he commenced work ; the labor, in question, must be regarded as an entirety, and the rights of the party to the whole job be determined in accordance with the law in force at the time the contract was made, or in accordance with the law in force at the time the work was finished. Assuming that the parties are to be treated as though the work was performed on the day when it was completed, and beyond question there was a lien acquired under the act of 1854 ; but

assuming that the parties are to be treated as though the work was performed at the time the contract was made, and the lien was perfect, and vested under the act of 1851. Taking either view of the case, there was a lien; but we consider it to be entirely consonant with principle and justice to hold that the rights of the parties are to be ascertained and fixed by the law in force when the contract was made; but such rights may be established and enforced by the law existing at the bringing of the suit.

Plaintiff avers in his complaint that he " filed, &c., a notice of his intention to hold a lien against the said buildings," and does not show that any amount of indebtedness is specified in such notice. Section two of the act concerning liens, page 149, Statutes of Oregon, provides, that persons wishing to avail themselves of the provisions of that act, shall file a notice of their intentions to hold a lien upon the buildings for the amount due or to become due, specifically setting forth such amount, " so that the notice described in the complaint was not such an one as the statute required, and, for not setting forth any amount, was obviously insufficient." Notice must be alleged in the complaint; (*5th Blackford's R. page.* 329; *8th Ib.* 252;) and, of course, if it is necessary to show that a notice was filed, it is necessary to show that it was a legal notice, and in some way designated the amount for which, and the premises upon which the lien is claimed. The objection made to the claim upon this ground must be sustained. Our attention has been directed by the argument to the question, as to whether a mechanic's lien relates to the time when he commenced work, or to the commencement of the building. Section seven of the chapter on liens, page 150, Statutes of Oregon, enacts that " the liens created in pursuance of the provisions of this chapter shall have precedence over all other liens after the commencement of the building." This language, taken in its ordinary acceptation, as it ought to be, admits of no doubt; but, independent of any express provision, we understand the legislation upon the subject to imply, as a general rule, (subject, doubtless, to

some exception,) that the liens of different mechanics, engaged in the construction of a building, shall stand upon an equal footing, and relate alike to the commencement of such building. Inconvenience, it is said, will result from this construction of the statutes, for years might elapse between the beginning and completion of a building, but such is not usually the case; and a general rule, reasonable and just in a large majority of cases, ought not to be rejected, because an extreme case of hardship in its operation can be imagined. Objection is further made to the proceedings in this case, because the interest accruing on the demand of plaintiff below was embraced in the judgment, and it is said that interest is a non-lienable item of account. Claims for which mechanics may have liens are certainly as much entitled to draw interest, after they become due, as any other; and we cannot think that for the recovery of such interest it would be necessary to bring a separate suit, or take a separate judgment, but conclude that interest may be computed on a lienable demand, and a lien awarded for the entire amount. Judgment was rendered in this case, not only against the buildings of the "company," but against the lot on which they stand. And this is said to be erroneous, because the complaint does not aver that the "company" were, at any time, the owners of said lot of ground. Section eight of the lien act, page 150, of the Statutes of Oregon, provides, "that liens against any building shall also extend to the lot of ground upon which such building is erected, not exceeding one-half of an acre in extent, if the land shall have been, at the time of erecting such building, the property of the person who shall have caused the same to be erected." There was nothing to show that the defendants below ever had any right to the land upon which their said buildings were erected, and, therefore, the District Court could not rightfully condemn such land to be sold to satisfy said company's debt, but should have confined the lien to the buildings described in the complaint.

Plaintiffs in error are right in respect to this point. Sec-

tion twelve of the act of 1851, General Laws of Oregon, page 169, declares, that in a case of this kind, the judgment of the court shall direct the property to be sold on a "credit not exceeding six months;" but the act of 1854 contains no such provisions. Some difficulty has occurred in determining under which of said acts the judgment in this case should be rendered; but presuming that the parties relied upon the law in force when the contract was made, we have concluded that it is the right of the defendants below to have the judgment made with an order for sale on credit, in conformity to the act of 1851. Objections have also been made to the complaint, because the contract between the parties, and the buildings of the company, were not described with sufficient particularity. We consider the complaint carelessly drawn in these respects, but full enough to support the judgment, were it otherwise sufficient; for, according to section forty-five, page seventy-two, Statutes of Oregon, the default below waives all objections, except to the jurisdiction of the court, and "that the complaint does not state facts sufficient to constitute a cause of action."

Judgment is reversed.