[No. 6,393.—Department No. 2.]

SPARKS ET AL. v. BUTTE COUNTY GRAVEL MIN-
ING COMPANY ET AL.

MECHANICS' LIEN — ORIGINAL CONTRACTOR — DEFINITION.— Material-men furnishing materials for the construction of a building under a contract with the owner, and persons directly employed by him to work on the building, are not "original contractors," within the meaning of §§ 1187, 1194, Code of Civil Procedure, and therefore must file their claims within thirty days from the completion of the building.

APPEAL from a judgment for the plaintiff, upon demurrer to the answer, in the Second District Court, County of Butte. HUNDLEY, J.

The facts are stated in the opinion.

*Gray & Gale*, and *S. P. Hall*, for Appellants.

The plaintiff was an original contractor, and entitled to sixty days within which to file his lien. (Code Civ. Proc. §§ 1183,

1185, 1187, 1192–1197, as amended May 29th, 1874.) By §
1192 the persons entitled to.liens are divided into two classes,
viz., those *who contract with the owner*, and *those who do not.*
All, "*except those who contract with the owner, are sub-contract-
ors.*" By § 1192 we are informed who are the *original con-
tractors* mentioned in § 1187. It follows, that if a person
contracts with the owner, he is an *original contractor*.

*Harrison & Harris*, for Respondent.

The appellant was a *material-man*, and, as such, not *an orig-
inal contractor*. (Code Civ. Proc. § 1187; 1 Bouv. L. Dict.
358.)

The terms *original contractor, sub-contractor, material-man,
laborer*, etc., are employed throughout the law-books to desig-
nate distinct classes of persons. Section 1183, Code of Civil
Procedure, makes the *contractor, sub-contractor*, or *other person
having charge of the building*, the agent of the owner. Clearly
the statute here regards the contractor as one having charge of
the building, and as something more than an ordinary workman
or material-man. Section 1193, Code of Civil Procedure, seems
to fix this sense of the term beyond cavil. The Code requires
all others than the original contractor to file within thirty days.
(Code Civ. Proc. § 1187.)

Sharpstein, J.:

The plaintiffs brought this action for the foreclosure of me-
chanics' liens upon the property of the defendant corporation,
and the appellant was made a defendant, on the ground that he
claimed some interest in or lien upon the property which the
plaintiffs were seeking to foreclose their liens upon. Appellant,
in his answer, admitted all the allegations of the complaint, ex-
cept that his lien was subsequent and subject to the liens
of the plaintiffs. That he denied. The respondents contend
that the appellant is a " material-man," and not " an original
contractor," and therefore should have filed his lien within
thirty days of the completion of the building.

The defendant alleges that he entered into a contract with
the corporation defendant, " under and by virtue of which he

furnished to said defendant certain materials to be used, and which were actually used, in the construction of a certain building, structure, or mining claim," upon premises owned by said corporation. He further alleges that he " has fully performed all the conditions of said contract on his part to be performed, and said contract was completed, and said building, structure, or mining claim was completed, on the 24th day of December, A. D. 1877.

" That said materials so furnished as aforesaid were worth the sum of $2,716.87, United States gold coin, and by the terms of said contract said defendant, the Butte County Gravel Mining Company, agreed to pay this defendant therefor the said sum of $2,716.78, in United States gold coin, within sixty days after the 21st day of December, A. D. 1877.

" That within sixty days after said contract was completed, to wit, on the nineteenth day of February, A. D. 1878, this defendant filed with the County Recorder of said Butte County, his claim, duly verified by his oath, containing a statement of his demand, after deducting all just credits and offsets, and all other statements required by the law in such cases to be made, which said claim was on the said 19th day of February, A. D. 1878, duly recorded in the office of the County Recorder of said Butte County."

These are followed by appropriate allegations, which it is not necessary to quote or refer to. The answer was demurred to by the plaintiffs, and the demurrer sustained, on the ground that the answer did not state facts sufficient " to constitute a cause of action, or to entitle the said defendant W. T. Garrett to the relief prayed for in this action, or to any relief whatever." Defendant Garrett failed to amend his answer, and judgment was thereupon entered against him. From that judgment this appeal is taken.

The appellant did not file his claim within thirty days, but did file it within sixty days, after the completion of his contract. If he is an " original contractor," within the meaning of that phrase as used in the Code of Civil Procedure, (§§ 1187, 1194) his lien was filed in time. Otherwise not. It is quite clear that no one employed by him in the preparation of the materials which he furnished, or from whom he obtained them, could by reason

thereof have acquired a lien upon the building as a sub-contractor. It is unnecessary, therefore, to designate him as an original contractor for the purpose of distinguishing him from a sub-contractor. If every person who furnishes materials to the owner to be used in the construction of a building is an original contractor, then every person directly employed by the owner to work on the building is likewise an original contractor, and in a case in which the owner should purchase all the materials used in the construction of, and employ all the men who worked upon the building, all who furnished such materials or performed such labor would be original contractors. This, as will be readily seen, would result in very serious complications.   Under § 1183, Code of Civil Procedure, they would all have to be held agents of the owner for the purposes of the Mechanics' Lien law; and under § 1193 neither of them would be entitled to recover, upon a lien filed by him only, such amount as might be due him according to the terms of his contract after deducting all claims of other parties for work done and materials furnished.   If all were original contractors, it might be difficult to adjust their claims in accordance with that provision of the law.   And then, again, it is provided that in all cases where a lien is filed for work done or materials furnished to any contractor, he shall defend any action brought thereon at his own expense.

Unless the persons who worked for appellant upon the materials which he furnished to the corporation defendant, would have a lien upon the building in the construction of which they were used, for the value of their labor, then he is not a contractor within the meaning of that clause of the Code.   Again, if he be an original contractor, his lien is subsequent to all other liens.   (Code Civ. Proc. § 1194.)

We are satisfied that the appellant is not an original contractor within the meaning of the law, and that his claim of lien should have been filed within thirty days after the completion of the building.

Judgment affirmed.

THORNTON, J., and MYRICK, J., concurred.