[No. 19361.    In Bank—March 8, 1895.]

# THE PACIFIC MUTUAL LIFE INSURANCE COMPANY, APPELLANT, *v.* JOHN C. FISHER ET AL., DEFENDANTS.    SOSMAN & LANDIS ET AL., RESPONDENTS.

FORECLOSURE OF LIENS—PRIORITY—JUDGMENT FOR DEFENDANTS—APPEAL INSUFFICIENT—SERVICE OF NOTICE.—In an action for the foreclosure of a mortgage executed by one of the defendants, who conveyed the mortgaged property to a corporation codefendant, in which the claimants of mechanics' liens upon a building constructed upon the premises are made codefendants, and the mechanics' liens were decreed to be prior to the lien of the mortgage, and a judgment ordered docketed in favor of the plaintiff for any deficiency that may remain in its favor against the mortgagor, and in favor of the claimants of the mechanics' liens respectively, for any deficiency remaining against the corporation defendant, an appeal from that portion of the judgment which gives to the mechanics' liens of the defendants a priority over the mortgage lien of the plaintiff cannot be considered, where the notice of appeal was not served either upon the mortgagor or upon the corporation defendant.

ID.—PARTIES AFFECTED BY JUDGMENT.—A modification of the judgment giving to the plaintiff's mortgage a prior lien would change the personal liability of the mortgagor and of the corporation defendant, relieving the mortgagor, and injuriously affecting the interests of the corporation defendant, and the appellate court can have no jurisdiction to render a judgment affecting the interests of those defendants, unless the parties to be affected thereby are before it.

ID.—VALIDITY OF MECHANICS' LIENS—JURISDICTION OF APPELLATE COURT. An appeal from that portion of the decree which enforces the mechanics' liens upon the mortgaged premises may be considered, notwithstanding the notice of appeal was not served upon the corporation defendant, who is the owner of the premises, since the falsification of those liens would beneficially and not injuriously affect the rights of the corporation.

ID.—MECHANICS' LIENS — ORIGINAL CONTRACTOR — TIME OF FILING.— Where a building is constructed by the owner under distinct contracts for the different departments of work involved therein, each person contracted with is an original contractor, and can file his claim of lien within sixty days after the completion of his contract, irrespective of the time when the building is completed.

ID.—LIENS OF LABORERS AND MATERIALMEN.—The laborers and materialmen under any one of the original contractors for distinct departments of the work are entitled to a lien, and the contract price with the contractor is the limit of the owner's liability for such liens.

ID.—ALLOWANCE OF INTEREST.—Interest may be allowed upon the liens of claimants up to the time of entering judgment upon the principal sum found due from the date of payment, where the contract prescribed the

time of payment; and, where no time for payment is provided, interest may be allowed from the time of filing a complaint to foreclose the lien.

Id.—Allowance of Attorneys' Fees.—The court may allow a reasonable attorney's fee to each lien claimant whose lien is established, for services in the superior and supreme courts, as an incident to the judgment, and the amounts are to be fixed by the court, irrespective of any averment in the complaint; and it is no objection to a allowance fixed by the court, that the sum is in excess of the amount designated in the complaint.

Id.—Review of Discretion—Absence of Evidence.—The discretion of the court in the allowance of attorneys' fees cannot be reviewed upon appeal, in the absence of evidence regarding the amount of services.

Id.—Failure to Record Lien.—A lien claimant who fails to show that he filed any claim of lien with the county recorder cannot enforce his lien, and it is error for the court to allow him any attorneys' fees or any amount for filing the claim of lien, or to direct any payment for his claim for materials to be paid out of the proceeds of the building.

Id.—Claim of Lien for Labor and Materials—Rejection of Claim for Labor—Forfeiture of Claim—Construction of Code—Willful Violation not Presumed.—Section 1202 of the Code of Civil Procedure, which provides that any person who shall willfully include in his claim work or materials not performed upon or furnished for the property described in the complaint shall forfeit his lien, cannot be applied for the rejection of a lien claimed for labor and materials under which the claim for labor was disallowed, in the absence of clear and convincing evidence that the including of a false claim for labor was willful and intentional; and where the record does not contain any evidence concerning the claim, the finding of the court in favor of its validity as a claim for materials will not be set aside upon a mere surmise that the statute was willfully and intentionally violated.

Id.—Priority of Lien over Mortgage—Relation.—The lien for the furnishing of materials relates to the date of beginning to furnish them, and includes all the materials thereafter furnished for the building; and such lien has priority over a mortgage executed after the date of the commencement to furnish the materials.

Id.—New Trial—Conclusions of Law.—The conclusions of law from the facts found cannot be reviewed upon a motion for a new trial.

Id.—Review upon Appeal—Sale of Premises under Foreclosure.— Where the part of the judgment directing the sale of the premises under foreclosure is not expressly included in the notice of appeal it cannot be reviewed upon an appeal from that part of the judgment respecting the validity and priority of liens enforced therein.

Appeal from a judgment of the Superior Court of San Diego County and from an order denying a new trial.

The facts are stated in the opinion of the court.

CVI. Cal.—15

*Fox & Kellogg*, for Appellant.

The mortgage was a general lien under section 2874 of the Civil Code, and, for all the matters secured by it, it was a valid security. (*Tully* v. *Harloe*, 35 Cal. 309; 95 Am. Dec. 102; *Vogan* v. *Caminetti*, 65 Cal. 438; *Wood* v. *Franks*, 67 Cal. 35; *Tapia* v. *Demartini*, 77 Cal. 383–86; 11 Am. St. Rep. 288; *Moran* v. *Gardemeyer*, 82 Cal. 102, 103.) Even as a special lien under section 2875 of the Civil Code, it could be enforced as security for all moneys which the mortgagee was compelled to pay out, for the purpose of satisfying prior liens, for its own protection. (Civ. Code, sec. 2876.) And as such lien it takes priority over all subsequent mechanics' liens. (*Williams* v. *Santa Clara M. Assn.*, 66 Cal. 193–201; *Tapia* v. *Demartini*, 77 Cal. 383–86; 11 Am. St. Rep. 288.) All the liens upon this property have and take priority according to the time of their creation. (Civ. Code, sec. 289.) And the mortgage is a lien upon every thing that would pass by grant. (Civ. Code, sec. 2926.) The lien extends to all improvements upon the mortgaged premises, although made subsequently to the execution of the mortgage, whether made by the mortgagor or by a purchaser from him. (*Sands* v. *Pfeiffer*, 10 Cal. 258; *Lavenson* v. *Standard Soap Co.*, 80 Cal. 250, 252; 13 Am. St. Rep. 147.) Under the law, and the facts so found in this case, there was no original contractor within the meaning of the code. All these claimants of liens under the mechanics' lien law rank as either materialmen or laborers. (*Sparks* v. *Butte County Gravel M. Co.*, 55 Cal. 389; *Schwartz* v. *Knight*, 74 Cal. 432.) It follows, therefore, that the lien of each of them, if any valid lien there be, attaches from the time when the work for which the lien is claimed was done, or when the material for which the lien is claimed was commenced to be furnished. (Code Civ. Proc., sec. 1186; *Walker* v. *Hauss-Hijo*, 1 Cal. 184; *Ferguson* v. *Miller*, 6 Cal. 402; *Soule* v. *Dawes*, 7 Cal. 575; *Crowell* v. *Gilmore*, 18 Cal. 372; *Tibbetts* v. *Moore*, 23 Cal. 208; *McCrea* v. *Craig*, 23 Cal. 522; *Barber* v.

*Reynolds*, 44 Cal. 533; *Preston* v. *Sonora Lodge*, 39 Cal. 117, 118; *Germania Building and Loan Assn.* v. *Wagner*, 61 Cal. 349; *Avery* v. *Clark*, 87 Cal. 619; 22 Am. St. Rep. 272; *Root* v. *Bryant*, 57 Cal. 48; *Lumber Co.* v. *Gottschalk*, 81 Cal. 648; *Huttig Bros. Mfg. Co.* v. *Denny Hotel Co.*, 6 Wash. 122.) The claim of lien for plumbing should have been disallowed, as it was filed prior to the completion of the building. The contract with the plumber was simply for the furnishing of the plumbing, and therefore he was not an original contractor within the meaning of the code. (*Sparks* v. *Butte County Gravel M. Co.*, 55 Cal. 389; *Schwartz* v. *Knight*, 74 Cal. 432; *Willamette etc. Co.* v. *Los Angeles College Co.*, 94 Cal. 230; *Roylance* v. *San Luis Hotel Co.*, 74 Cal. 273; *Schallert-Ganahl Lumber Co.* v. *Sheldon* (Cal., Feb. 9, 1893), 32 Pac. Rep. 235.)

*Trippet, Boone & Neale, Parrish, Mossholder & Lewis, Works & Works, Shaw & Holland,* and *Wellborn, Stevens & Wellborn,* for Respondents.

Section 1186 of the Code of Civil Procedure must be construed so as to give some effect and meaning to all the terms used, if that be possible. By holding that the words, "the time when the building, improvement, or structure was commenced," relate to the original construction of the building, and the words, "work done or materials were commenced to be furnished," refer to cases of an addition thereto, or alteration or repair of a building already constructed, or to work done in a mining claim, force and significance is given to all the terms and provisions of the section, and a uniform rule is established. Such was undoubtedly the legislative intent. (*Warden* v. *Sabins*, 36 Kan. 167, 168; *Kansas Mort. Co.* v. *Weyerhaeuser*, 48 Kan. 335.) The liens of the mechanics attached from the date of the commencement of the building, and the mortgage having been recorded after the commencement of the building, the liens of the mechanics take precedence over the mortgage lien. (Phillips on Mechanics' Liens, sec. 1194; *Brooks* v. *Railway Co.*, 101 U. S. 443; *Davis* v. *Bils-*

*land,* 18 Wall., 659; *Merrigan* v. *English,* 9 Mont. 113; 2 Jones on Liens, sec. 1232.) The claim of appellant that the amount of fees awarded is in excess of the amount which the respondents allege they are entitled to is not well taken under the statute. The attorneys' fees must be allowed by the superior court as a matter of course, the same as costs are allowed the party; it is a mere incident and not part of the cause of action, and need not be mentioned in the complaint. (*Carriere* v. *Minturn,* 5 Cal. 435; *Rapp* v. *Spring Valley Gold Co.,* 74 Cal. 532; *Monroe* v. *Fohl,* 72 Cal. 568; *West Coast L. Co.* v. *Newkirk,* 80 Cal. 275; *Schallert-Ganahl L. Co.* v. *Neal,* 94 Cal. 192; *Mulcahy* v. *Buckley,* 100 Cal. 484; *Harlan* v. *Stufflebeem,* 87 Cal. 508.) Respondents were entitled to interest upon their claims as allowed by the court. (Civ. Code, sec. 3287; 1 Sutherland on Damages; *McFadden* v. *Crawford,* 39 Cal. 662; *Chandler* v. *People's Bank,* 73 Cal. 317; 2 Am. St. Rep. 812; *Jones* v. *Gardner,* 57 Cal. 641.)

HARRISON, J.—In April, 1891, the San Diego Opera House Company, a corporation, commenced the construction of an opera-house upon certain lands in the city of San Diego, employing the laborers and procuring the materials therefor without the intervention of an original contractor for the entire work. The land upon which the building was constructed was at that time owned by the defendant Fisher, who was the president of the opera-house company, and directed the construction of the building as its president and in its behalf. Fisher continued to be the owner of the land until November 20, 1891, when he conveyed it to the corporation. The building was completed February 22, 1892, and within thirty days thereafter various claims of liens for materials and labor were filed in the recorder's office. June 12, 1891, Fisher and his wife executed to the plaintiff a mortgage upon the lands on which the building was being constructed, to secure his promissory note for thirty thousand dollars, then loaned to

him by the plaintiff, and, on November 5, 1891, the plaintiff made him a further loan of twelve thousand five hundred dollars, which was consolidated with the former loan, and a new mortgage made to the plaintiff by Fisher and his wife to secure the payment of forty-two thousand five hundred dollars, the amount of the two loans. In July, 1892, the plaintiff brought this action to foreclose the said mortgages to it, making the several lien claimants defendants. Upon the trial of the cause the court rendered judgment in favor of the plaintiff and against Fisher for the sum of seventy-four thousand nine hundred and five dollars, together with its costs, and in favor of the several lien claimants and against the San Diego Opera House Company for the amount of their respective liens, aggregating upwards of twenty thousand dollars, and directing a sale of the land, and the appropriation of the proceeds thereof. 1. To the payment of the liens of the respondents; and 2. To the claim of the plaintiff.

1. The plaintiff has appealed from that portion of the judgment which determines that the respondents have any lien upon the premises, and also from that portion of the judgment which gives to their lien a priority over the lien of the plaintiff. The respondents contend that the appeal of the plaintiff cannot be considered, for the reason that its notice of appeal has not been served upon the " adverse party," that is, upon all the parties to the action who would be injuriously affected by a reversal or modification of the judgment; and they have moved for a dismissal of the appeal upon that ground. They are not precluded from making this motion by reason of the fact that the cause had been previously submitted to the court for decision. (*In re Castle Dome Mining Co.*, 79 Cal. 246.) The notice of appeal states that the appeal is taken " from that part and so much of said judgment and decree as adjudges and determines that out of the proceeds of sale of said mortgaged premises, or any part thereof, there be paid to the said defendants, or to either or any of them, any sum of money

whatever prior to the payment of the full amount due to said plaintiff under said decree; also from that part and so much of said judgment and decree as makes the payment of the amount due to plaintiff under said decree second in order to the payment of the claim of said defendants, or of either or any of them." The judgment appealed from, after determining the amounts due from Fisher to the plaintiff, and from the San Diego Opera House Company to the several lien claimants, orders and directs a sale of the premises, and that " out of the proceeds of such sale there be paid to the holders of said liens, other than the mortgage lien of plaintiff, any balance that may remain due to them for principal, interest, and costs under this decree, after first paying the costs and expenses of such sale; second, to the payment of the amount due the plaintiff under this decree for its principal, interest, counsel fees, and costs of suit"; and then further orders and decrees that " if, after applying the proceeds of such sale in manner and form aforesaid, there be any deficiency due to either of the said lien claimants or the plaintiff herein, the amount of such deficiency be reported to the court, and that judgment be thereupon docketed in favor of such lien claimants respectively for the amounts of such deficiency in favor of the lien claimants respectively, against the said San Diego Opera House Company and in favor of the plaintiff herein, for any amount of deficiency that may remain in its favor against the said defendant, John C. Fisher; and that the party or parties in whose favor judgment is so docketed may have execution therefor." The notice of appeal was not served upon either Fisher or the opera-house company, and we are of the opinion that the failure to serve these defendants is fatal to the plaintiff's right to have this portion of the judgment considered upon this appeal. The modification in the judgment which the plaintiff seeks would have the effect to change the personal liability of these defendants in case the proceeds of the sale should be insufficient to satisfy the liens in favor of the appellant, as well as those of the

respondents, and would injuriously affect the interest
of the opera-house company.   It is only upon the theory
that the proceeds of such sale will leave such a deficiency
that the plaintiff is interested in having the judgment
modified, and it is readily seen that the modification
sought by the plaintiff might operate to the detriment
of the opera-house company.   As the judgment now
stands, if the premises should sell for the amount of the
plaintiff's judgment, the respondents would be fully
paid and the opera-house company discharged of all
personal liability; whereas, if the order of priority con-
tained in the judgment should be reversed, and the
property should sell for the same amount, Fisher would
be discharged of all personal liability, and the opera-
house company would be personally liable for the entire
amount of the liens of the respondents.   To this extent
would the reversal of the judgment in this particular
make the opera-house company pay the debts of Fisher.
This court can have no jurisdiction to render such a
judgment, unless the parties to be affected thereby are
before it.

2. The appeal from that portion of the judgment
which determines that the respondents, or either of
them, have a lien upon the mortgaged premises is not
necessarily open to the same objection.   The plaintiff
is at liberty to falsify any of these liens for the purpose
of reducing the amount to be appropriated out of the
proceeds of the sale before making any application
therefrom to its own claim, even in the absence of the
opera-house company, if such reduction can be made
without injuriously affecting that defendant.   It was
competent for the plaintiff in the trial court to defeat
any claim of lien, even though it had been assented to
by the opera-house company, and it has the same right
upon this appeal, except as the exercise of such right
may have the effect to transfer an obligation from the
property to a personal obligation of that defendant.   To
the extent that the record shows that the obligation
of the opera-house company may be extinguished, the

plaintiff is entitled to have the judgment modified in the absence of that defendant, since such modification would not be adverse to its interests. (See *Green* v. *Berge*, 105 Cal. 52.)

(*a*) George A. Merritt, one of the respondents, made a contract in writing with Fisher, as the president of the opera-house company, to do the work of plumbing and to furnish the materials therefor in the building. He completed his contract February 4, 1892, and on the 10th of February he filed with the county recorder his claim of lien therefor. The appellant contends that this claim of lien should have been disallowed, for the reason that it was filed prior to the completion of the building. Merritt was, however, an "original contractor" for this portion of the construction of the building, and, under the terms of section 1187 of the Code of Civil Procedure, could file his claim of lien "within sixty days after the completion of his *contract*," irrespective of the time when the building was completed. The chapter in the code relating to mechanics' liens does not contemplate that there can be no original contractor except for the entire work of constructing the building. For the purpose of constructing the building the owner may enter into different original contracts for the different departments of work involved therein. If he should enter into a contract with one person for the construction of the building in all its parts, except the painting, and should afterwards enter into a contract with another person to do the painting of the building, each of these individuals would be an original contractor, within the meaning of the statute, and it would be immaterial whether the latter contract was entered into prior to or subsequent to the completion of the former one. If the owner did not enter into the latter contract until after the completion of the former contract it could not be claimed that a lien to be filed therefor would in any respect depend upon the completion of the building. It would be equally immaterial whether such contract was entered into during

the performance of the prior contract, or whether the work to be done under the contract was to be performed after or prior to the completion of the other contract. The laborers and materialmen under him would be entitled to a lien, and the contract price with him would be the limit of the owner's liability for such liens. (*La Grill* v. *Mallard,* 90 Cal. 373; *Baird* v. *Peall,* 92 Cal. 235.) *Sparks* v. *Butte Co. Gravel Min. Co.,* 55 Cal. 389, merely holds that a materialman who furnishes materials directly to the owner is not an original contractor in the sense of the statute, for the reason that there can be no subcontractor or intervening lienor; and, consequently, that he must file his claim of lien within thirty days after the completion of the building. *Schwartz* v. *Knight,* 74 Cal. 432, is to the same effect.

(*b*) To some of the claimants the court allowed interest up to the time of entering judgment upon the principal sum found due for the materials furnished. For some of these claims the materials were furnished under a contract prescribing the time of payment, while in others no time of payment was provided, other than would be implied from the transaction itself. When the contract fixed the date of payment, interest was allowed from that date. In others the date from which interest was allowed does not appear, but presumably it was allowed from the commencement of the several actions to foreclose the liens. There was no error in thus allowing interest. The appellant has not cited any authority to sustain its contention that interest should not be allowed, and it has been held in other states that the claimants are entitled to interest. (*Willamette Falls Co.* v. *Riley,* 1 Or. 183; *Trustees etc.* v. *Heise,* 44 Md. 472; *Johnson* v. *Boudry,* 116 Mass. 196.) If the action were merely to recover for the materials, the claimant would be entitled to interest from the time the purchaser had agreed to pay for them, and, if there were no express agreement, he would be entitled to interest at least from the time of filing his complaint; and the lien which the statute gives him is as extensive

as the claim which it is intended to protect. If a claimant has furnished materials from time to time as they were needed, and receives payments on account, his claim is not "unliquidated and open to be adjudicated," as urged by appellant. At the time he commenced the action to foreclose his lien his right to recover that open account was vested in him and was capable of being made certain by calculation, and he was also entitled to recover interest thereon from that date. (Civ. Code, sec. 3287.)

(c) Some of the claimants, in their complaint for the foreclosure of the liens, asked for counsel fees and designated what would be a reasonable amount for such fee. In rendering its decision the court allowed them a sum in excess of the amounts so designated, and this is assigned as error. Section 1195 of the Code of Civil Procedure authorizes the court to allow reasonable attorneys' fees to each lien claimant whose lien is established for services in the superior and supreme court. This allowance is an incident of the judgment (*Rapp* v. *Spring Valley Gold Co.*, 74 Cal. 532), and is to be fixed by the court, irrespective of any averment in the complaint. (*Mulcahy* v. *Buckley*, 100 Cal. 490.) The averment of the amount, not being essential, is not therefore conclusive, and was at most only an opinion based upon an estimate of services to be rendered. The court was authorized to exercise its discretion in the allowance of these fees, and, in the absence of any evidence regarding the amount of services, its action cannot be reviewed here. (See *Watson* v. *Sutro*, 103 Cal. 169.)

(d) The court found that the respondent Heath was entitled to a lien to the extent of one hundred and twelve dollars and thirty cents and costs. The record, however, fails to show that Heath ever filed any claim of lien with the county recorder, and the judgment of the court to that extent is erroneous. As he did not establish his lien the court was not authorized to allow him any attorneys' fees or any amount for filing a claim of lien, and these sums, amounting to sixty dollars and

thirty cents, should be deducted from the amount allowed him. As he failed to establish a lien it was error for the court to direct the payment of his claim for materials out of the proceeds of the sale of the building; but the opera-house company is not before the court on this appeal, and as we cannot modify the judgment in any respect which will increase its liability, we are unable to direct any further modification of the judgment than to strike therefrom the sums thus allowed.

(*e*) The Coronado Foundry and Machine Company, in its complaint, alleged, as a part of its claim, that it had performed work and labor upon the building for which the opera-house company agreed to pay it one hundred and twenty-three dollars and twenty-five cents, in addition to paying for the materials which it had furnished. The court finds that it furnished the materials, but that it did not perform any labor, and allowed its claim of lien for the materials alone. The appellant urges that the entire claim of this respondent should have been rejected, by reason of its having included therein the claim for such labor. Section 1202 of the Code of Civil Procedure provides: "Any person who shall *willfully* include in his claim, filed under section 1187, work or materials not performed upon or furnished for the property described in the claim shall forfeit his lien"; and it was held in *Schallert-Ganahl L. Co.* v. *Neal*, 91 Cal. 362, that this provision must not only be strictly construed, but the evidence under which it is invoked should be clear and convincing that the violation was willful and intentional. The claim itself is not in the record, and its contents are only a subject of inference; but, aside from this, the record does not contain any evidence concerning the claim, and the finding of the court in favor of its validity is not to be set aside upon a mere surmise.

3. The plaintiff moved for a new trial as to the claim of Sosman & Landis, and has appealed from the order denying its motion. The motion was made upon the

minutes of the court, and the notice of intention speci-
fied that the evidence was insufficient to show that the
materials for which these defendants claimed a lien
"were furnished or commenced to be furnished prior
to the eleventh day of November, 1892, the day on
which plaintiff's said mortgage was recorded." The
year "1892," is evidently a clerical error for 1891; and
it is sufficient to say that there was evidence that a por-
tion of the materials for which they claimed a lien was
furnished in September of that year. Their lien for
all the materials that they furnished for the building
would relate to this date, notwithstanding the fact that
another portion was furnished subsequent to November
11th, and under an express contract. The lien com-
mences when the claimant begins to furnish the mate-
rials, and includes all the materials that he may
thereafter furnish for the building (*McCrea* v. *Craig*,
23 Cal. 525), whether they are furnished under an
express contract, in which the terms and quantity are
fixed, or under a contract implied from their purchase
and use in the building, from time to time, as they are
needed. The materialman cannot file his claim of lien
until after the completion of the building, but he must
then include in it all the materials which he has fur-
nished, and not file a separate claim for those furnished
under different contracts; and the lien for which the
claim is thus filed will relate to the time when he first
began to furnish the materials.

The plaintiff also specified in its notice of intention
the insufficiency of the evidence to justify the decision
of the court that the lien of these defendants had prior-
ity to the lien of the plaintiff, and that the ruling of the
court to that effect was an error of law. This decision
of the court is not, however, a finding of fact or a ruling
made in the course of the trial, but is the conclusion of
law which is made after the facts had been found, and
it is well settled that the conclusion of law which the
court draws from the facts cannot be reviewed upon a

motion for a new trial. (*In re Doyle*, 73 Cal. 571; *Brison* v. *Brison*, 90 Cal. 327.)

4. The plaintiff also urges that the court erred in its directions respecting the sale of the premises under foreclosure, but, as it has not appealed from this part of the judgment, we are not at liberty to consider its correctness.

The court below is directed to modify the judgment by substituting the sum of "fifty-two dollars" for the sum of "one hundred and twelve dollars and thirty cents" in the amount adjudged to be due to the defendant Heath; and, as so modified, the judgment will stand affirmed, the costs of this appeal to be paid by the appellant.

McFARLAND, J., GAROUTTE, J., and BEATTY, C. J., concurred.

Rehearing denied.