[S. F. No. 259.   Department Two.—July 18, 1896.]

## WILSON & BROTHER, APPELLANT, *v.* ROBERT R. HIND AND HENRY BEHRENS, RESPONDENTS.

MECHANICS' LIENS—MATERIALS FURNISHED TO MATERIALMAN.—One who has a contract with the contractor to furnish all the mill work required for the erection of a building, consisting of manufactured material to be delivered at the building, is a materialman only, and not a subcontractor, and one who furnishes doors, sashes, blinds, and other stock material to such materialman cannot claim a lien upon the building for the materials so furnished.

ID.—MATERIAL VARIANCE AS TO CONTRACT.—Where the notice of lien states that the contract was that the claimant of the lien was to be paid what the materials were reasonably worth, and that the subcontractor was to deliver to the claimant, upon acceptance of the building, an order for the amount due, to be accepted by the original contractor and the owner of the building, and the evidence was that the person named as subcontractor bought the materials at a fixed price. without any agreement as to an order, or as to payment from the contract price, there is a material variance as to the contract.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco.   J. C. B. HEBBARD, Judge.

The facts are stated in the opinion of the court.

*Lincoln Sonntag*, for Appellant.

W. R. Johnston was not a mere furnisher of material or materialman.   (Code Civ. Proc., secs. 1183, 1184, 1203; *Wilson* v. *Sleeper*, 131 Mass. 177; *Rara Avis etc. Min. Co.* v. *Bouscher*, 9 Col. 385; *Barnard* v. *McKenzie*, 4 Col. 251; *Edgar* v. *Salisbury*, 17 Mo. 271; *McCormick* v. *Los Angeles City Water Co.*, 40 Cal. 185; *Howes* v. *Reliance Wire Works Co.*, 46 Minn. 44; *Patterson* v. *Gallagher*, 25 Or. 227; 42 Am. St. Rep. 794; *Palmer* v. *Lavigne*, 104 Cal. 30; *Smith* v. *Molleson*, 26 N. Y. Supp. 656.)

*John C. Hughes*, for Respondents.

Defendant Johnston, a materialman, could not charge the building with a lien in favor of any person from whom he purchased his materials, in order to fulfill his contract with defendant Behrens. (Code Civ. Proc., sec. 1183; *Sparks* v. *Butte County etc. Min. Co.*, 55 Cal. 389; *La Grill* v. *Mallard*, 90 Cal. 376; *Hinckley* v. *Field's Biscuit etc. Co.*, 91 Cal. 140; Phillips on Mechanics' Liens, secs. 44, 51, 125.)   There was a material variance between the terms and conditions of the contract between plaintiff and defendant Johnston, as set forth in plaintiff's claim of lien and in its complaint herein, from that proved by the evidence at the trial of this action, as to the price of materials, as to the amount of materials contracted for, and as to the time and manner of payment for the materials.   (*Malone* v. *Big Flat etc. Min. Co.*, 76 Cal. 581; *Eaton* v. *Malatesta*, 92 Cal. 75; *Reed* v. *Norton*, 90 Cal. 590; *Wagner* v. *Hansen*, 103 Cal. 104.)

TEMPLE, J.—This appeal is from the judgment and was taken within sixty days after its rendition.   The action was to foreclose a materialman's lien.   The court held that plaintiffs had no lien on two grounds: 1. Be-

cause they did not furnish material to the owner or his agent, or to a contractor or subcontractor; 2. Because there was a fatal variance between the contract proven and that stated in the claim of lien.

Henry Behrens was the contractor. He contracted with W. R. Johnston to furnish all the mill work for the house, and to deliver it at the building. Mr. Johnston was called as a witness for plaintiffs, and testified that mill work included certain manufactured material, such as front door frame, door, toplight, recess panels, portico (columns or bracket or cap, balustrade, put together), window frames, sashes, etc. Witness further said: "I generally bought all my doors, and sash and blinds, and all stock material, you know, from Wilson & Brother."

"*The Court.* Stock material means material that is kept in stock? A. Yes, sir; manufactured. Yes, sir; all stock, doors, sashes, blinds, and transoms, and such like. We did not manufacture these in our mill—nothing only hard work."

These extracts sufficiently show the nature of the contract both between Behrens and Johnston and between Johnston and plaintiffs.

It is very evident that Johnston was a materialman only. (*Hinckley* v. *Field's Biscuit etc. Co.*, 91 Cal. 140.)

There was also a material variance between the contract set forth in the claim of lien and that proven. In the notice of lien it was stated that the contract was that the corporation was to be paid what the goods were reasonably worth, and that the subcontractor was to deliver to said Wilson & Brother immediately upon the acceptance of the building an order for the amount due to said plaintiff by said subcontractor, signed by the original contractor, Henry Behrens, and indorsed by the said Robert R. Hinds, etc.

The evidence was that Johnston bought the goods at a fixed price, and on his own credit, and there was no agreement in regard to an order upon Hinds, or that plaintiffs were to be paid from the contract price at all.

If these conclusions are correct, other points suggested need not be noticed.

The judgment is affirmed.

McFARLAND, J., and HENSHAW, J., concurred.