[No. 24467. Third Dist. July 31, 1985.]

VAUGHN MATERIALS COMPANY, INC., Plaintiff and Appellant, v. SECURITY PACIFIC NATIONAL BANK, Defendant and Respondent.

## Counsel

Porter, Simon, Graham & Phelps and John M. Phelps for Plaintiff and Appellant.

Johanson, Buckwalter & Koons, Edward C. Koons and T. L. Johanson for Defendant and Respondent.

## Opinion

**CARR, J.**—Plaintiff Vaughn Materials Company, Inc. appeals from summary judgment entered in favor of defendant Security Pacific National Bank. We shall affirm.

### FACTS

Plaintiff was the owner and operator of a business which sold building materials. Donald Kistler (hereafter Kistler) was the owner of real property

upon which an office complex was constructed. Kistler applied to plaintiff for credit and thereafter plaintiff delivered building materials to the job site. All materials were billed to Kistler, as he was the only individual connected with the construction of the complex with whom plaintiff had any type of contractual relationship.

On June 3, 1981, Kistler recorded a "Notice of Completion," reflecting a project completion date of May 29, 1981. On July 13, 1981, approximately 40 days after recordation of the notice of completion, plaintiff recorded its mechanics' lien on the subject property.

Upon nonpayment by Kistler, plaintiff filed suit against Kistler and Security Pacific Bank and in January 1982, filed a first amended complaint "for foreclosure of mechanic's lien, breach of contract and for monies due." Defendant Security Pacific Bank had provided the financing for the construction project and secured its loan by a construction deed of trust against the subject property. It moved for summary judgment,[1] asserting plaintiff did not have a valid lien because of failure to comply with certain procedural requirements, in particular, that the lien was untimely as it was not filed within the 30-day period required by Civil Code section 3116 for subcontractors and materialmen, but was in fact filed 40 days after recordation of the notice of completion.

Plaintiff opposed the summary judgment, contending it was an "original contractor" within the meaning of Civil Code section 3095, and therefore entitled to the 60-day period provided by Civil Code section 3115 within which to record its lien.

The trial court granted summary judgment in favor of defendant, ruling that plaintiff was a materials supplier and not an original contractor. The amended order for summary judgment stated in part:

"[T]here is no triable issue of fact that plaintiff . . . is other than a materialman, as that term is defined in Civil Code §3090.[2] A 'materialman' as defined in Civil Code §3090 is not the same as a 'contractor' as that term is used in Civil Code §3095. Therefore, even though plaintiff . . . may have had a direct contractual relationship with the owner of the subject real property, plaintiff was not an 'original contractor' within the meaning of Civil

---

[1]The record indicates that subsequent to the commencement of the action, Kistler defaulted on his obligation owing to defendant, which then took back the property through the exercise of a private power of sale under its deed of trust.

[2]Civil Code section 3090 defines a "materialman" as "any person who furnishes materials or supplies to be used or consumed in any work of improvement."

Code §3095, because plaintiff is not 'contractor' within the meaning of Civil Code §3095. [¶] . . . The owner of the subject real property . . . [Kistler], recorded a Notice of Completion with respect to the subject real property on May 29, 1981. Plaintiff . . . recorded its mechanics lien on July 13, 1981, forty (40) days after recordation of the Notice of Completion. Because plaintiff . . . is not an original contractor, it is governed by the provisions of Civil Code §3116, which requires that its mechanics lien be recorded within thirty (30) days after recordation of a Notice of Completion. Therefore, plaintiff['s] mechanics lien is invalid because it was not filed within the thirty-day time limit of Civil Code §3116."

## DISCUSSION

Civil Code section 3116 (hereafter all statutory citations are to the Civil Code unless otherwise indicated) provides: "Each claimant *other* than an original contractor, in order to enforce a lien, must record his claim of lien after he has ceased furnishing labor, services, equipment, or materials, and before the expiration of (a) 90 days after completion of the work of improvement if no notice of completion or cessation has been recorded, or (b) *30 days after recordation of a notice of completion or notice of cessation."* (Italics added.)

In turn, section 3115 states: "Each original contractor, in order to enforce a lien, must record his claim of lien after he completes his contract and before the expiration of (a) 90 days after the completion of the work of improvement as defined in Section 3106 if no notice of completion or notice of cessation has been recorded, or (b) *60 days after recordation of a notice of completion or notice of cessation."* (Italics added.)

Section 3095 defines an "original contractor" as "any contractor who has a direct contractual relationship with the owner."

■ Relying on the foregoing statutes, plaintiff asserts its contract to supply materials was a contract directly with Kistler, the owner of the property on which the office building was constructed, and he thus qualifies as an original contractor with 60 days after the filing of the notice of completion within which to record its claim of lien. We disagree.

Plaintiff has cited no case for the contention that one who supplies materials to a construction site, but who does not provide any labor or engage in any construction work at all, qualifies as either an original contractor or subcontractor within the meaning of the mechanics' lien law. Our research indicates a materialman such as plaintiff does not so qualify.

In *Theisen* v. *County of Los Angeles* (1960) 54 Cal.2d 170 [5 Cal.Rptr. 161, 352 P.2d 529], Theisen was the prime contractor on a county fire station job. Petterson agreed to supply 64 custom-made doors conforming to the specifications of the architect. Petterson contracted with Durand for 20 of the doors for $1,148. Durand, unpaid, claimed relief under the equivalent of the mechanics' lien law.[3] Theisen claimed Durand had no mechanics' lien rights because neither Petterson nor Durand delivered to the job site, or even visited the job site and, in fact, Theisen had picked up the doors at Petterson's plant.

The court held Petterson was a subcontractor. Durand, as his supplier of materials, was therefore entitled to a mechanics' lien though Petterson had never been on the job site. The court found the essential feature that constitutes one a subcontractor rather than a materialman is that he *constructs* a definite, substantial part of the work of improvement in accordance with plans and specifications, whether or not he enters the job site and does construction work. Durand fabricated the doors for Petterson according to the specifications of the prime contractor and was entitled to assert a mechanics' lien as a subcontractor of Petterson. (54 Cal.2d at p. 183.)

*Theisen* contravenes the assertion that a materialman who contracts directly with the owner is an original contractor. To so hold would necessarily require a finding that a materialman who contracts with the original contractor is a subcontractor.[4] The essential holding of *Theisen* is the distinction made between a subcontractor and a materialman. Unless the materialman performs some portion of the work of improvement, he does not qualify as a subcontractor under the mechanics' lien law. (54 Cal.2d at p. 183.) Obviously, if one must perform some part of the construction to qualify as a *subcontractor*, it follows that a person who simply supplies material to the owner does not qualify as an *original contractor*.

■ *Theisen* represents a continuation of judicial construction of the mechanics' lien law, which since its inception has distinguished between original contractors and subcontractors on the one hand and materialmen on the other. (E.g., *Hinckley* v. *Field's Biscuit Etc. Co.* (1891) 91 Cal. 136, 139-

---

[3] At issue was Durand's right to avail himself of the stop notice provisions applicable to public works.

[4] A "subcontractor" is "any *contractor* who has no direct contractual relationship with the owner." (Italics added; Civ. Code, § 3104.)

140 [27 P. 594] ("the word 'contractor,' in sections 1183 and 1184[5] of the Code of Civil Procedure, does not refer to a material-man"; *Sparks* v. *Butte Co. Grav. M. Co.* (1880) 55 Cal. 389, 391-392.) In *Peterson* v. *Freiermuth* (1911) 17 Cal.App. 609 [121 P. 299] (disapproved on other grounds in *Theisen* v. *County of Los Angeles, supra,* 54 Cal.2d at p. 183), plaintiff agreed to raise (above street level), repair, and remodel buildings and furnish the labor and material therefor. It was held plaintiff was an original contractor and not a materialman. " 'The materialman who merely furnishes materials for a building must not be confounded with the contractor who *furnishes both materials and labor for and who constructs the building;* nor with the laborer who furnishes his individual labor only upon the building. Nor must the common and statutory meaning of the word "materialman" be lost sight of when the person who furnishes the materials also, and by the same contract, furnishes or performs labor upon and in the construction of the building for which he furnishes the materials. *In such cases the persons who furnishes materials cease to be materialmen and become original contractors or subcontractors as the facts of the case may be.'* " (Some italics added; 17 Cal.App. at p. 614.) *Peterson, Hinckley,* and *Theisen* manifest the continuing distinction under the California mechanics' lien law between those who supply materials, and those who actually perform a part of the work of improvement and qualify either as an original contractor or subcontractor.[6]

▇ The present mechanics' lien provisions continue the distinction between materialmen and contractors (or subcontractors). As we have noted,

---

[5]Code of Civil Procedure section 1183 was the precursor to present Civil Code section 3110, which provides: "Mechanics, materialmen, contractors, subcontractors, lessors of equipment, artisans, architects, registered engineers, licensed land surveyors, machinists, builders, teamsters, and draymen, and all persons and laborers of every class performing labor upon or bestowing skill or other necessary services on, or furnishing materials or leasing equipment to be used or consumed in or furnishing appliances, teams, or power contributing to a work of improvement shall have a lien upon the property upon which they have bestowed labor or furnished materials or appliances or leased equipment for the value of such labor done or materials furnished and for the value of the use of such appliances, equipment, teams, or power whether done or furnished at the instance of the owner or of any person acting by his authority or under him as contractor or otherwise. For the purposes of this chapter, every contractor, subcontractor, sub-subcontractor, architect, builder, or other person having charge of a work of improvement or portion thereof shall be held to be the agent of the owner."

[6]We have examined the cases cited by plaintiff (e.g., *Benson Elec. Co.* v. *Hale Bros. Assoc., Inc.* (1966) 246 Cal.App.2d 686, 689-692 [55 Cal.Rptr. 73] (plaintiff electric company held to be original contractor); *Scott, Blake & Wynne* v. *Summit Ridge Estates, Inc.* (1967) 251 Cal.App.2d 347, 351, 357 [59 Cal.Rptr. 587] (plaintiff land surveyor and civil engineer held to be original contractor), and find them inapposite. In both *Benson* and *Scott,* the plaintiffs were not materialmen, but rather had actually performed a part of the work of improvement. Contrary to plaintiff's assertion, neither case stands for the proposition that anyone (i.e., a materialman) who contracts with the owner is an original contractor.

an original contractor is a contractor who has a direct contractual relationship with the owner. (Civ. Code, § 3095.) In turn, "contract" is defined as "an agreement between an owner and any original contractor providing for the work of improvement or any part thereof." (Civ. Code, § 3088.) Section 3106 defines a "work of improvement" as including but not restricted to "the construction, alteration, addition to, or repair, in whole or in part, of any building, . . ." Under the mechanics' lien law, a contract is an agreement between an owner and an original contractor providing for the construction, alteration, addition to, or repair of any building or other such structures. A materialman is one who furnishes materials or supplies to be used or consumed in any work of improvement. (Civ. Code, § 3090.) The code thus clearly distinguishes between a contractor (i.e., one who performs in whole or in part a work of improvement), and a materialman who "furnishes materials or supplies to be used or consumed in any work of improvement." (Civ. Code, § 3090.)

At oral argument, counsel for plaintiff asserted the rationale behind allowing an original contractor a 60-day period (from the notice of completion) within which to file a lien is to protect a property owner who has no contact with subcontractors, materialmen and others who work under the original contractor and who may assert mechanics' liens against the property. In its supplemental brief, plaintiff repeats this argument, asserting that "lien claimants who do *not* have a direct contractual relationship with the owner, such as subcontractors, are required to record their liens 30 days after the filing of a notice of completion, rather than 60 days, because, lacking a relationship with the owner, the identity and the amount claimed by such subcontractors are unknown to the owner. . . . Since subcontractors will be paid, not by the owner, but by an original contractor, the statutory scheme contemplates that by requiring early identification of the subcontractors, the owner will take necessary measures to assure that they are paid before the owner pays the original contractors in full." (Original italics.)

Plaintiff's arguments find support in the California Construction Law Manual (3d ed. 1982) section 8.10, where it is stated: "Why should suppliers and subcontractors have to record their liens within thirty days after notice of completion, while original contractors have sixty days? The idea is to protect the owner and the original contractor by letting the owner withhold the final payment from the original contractor until the mechanic's lien period for subcontractors and suppliers has gone by. Most prime contracts say that the owner can retain ten percent of the contract price until thirty-five days after notice of completion. Thirty-one days after notice of completion, the owner checks to see whether any mechanic's liens have been recorded. If none has been, the owner knows he can safely make the

final disbursement to the prime contractor. If mechanic's liens have been recorded, the owner will normally withhold a sufficient amount from the final payment to cover the mechanic's lien claims. [¶] If the original contractor had to record his lien within thirty days after notice of completion, he would have to lien the job before the final payment was due in order to protect his lien rights. Therefore, he is given sixty days after notice of completion to protect himself." (*Id.,* at p. 212.)

Plaintiff contends that where, as here, the owner of the property has directly contracted with the materialman and the identity of the materialman is known to the owner, there is no reason the materialman should be afforded any status other than that of an original contractor and should have 60 days within which to file a lien.

Plaintiff ignores the policy consideration that an original contractor needs an extended period (i.e., 60 days) within which to file his lien because there are subcontractors, materialmen, and others who have worked under the original contractor and who have the right to assert liens against the property. Moreover, since the inception of the mechanics' lien law, the California courts have held that a materialman is not a statutory agent of an owner and those working under the materialman (the supplier of the materialman, the materialman's laborers, etc.) have no mechanics' lien rights. (Civ. Code, § 3110; *Theisen* v. *County of Los Angeles, supra,* 54 Cal.2d at pp. 176-179; *Wilson* v. *Hind* (1896) 113 Cal. 357, 359 [45 P. 695]; *Phillips & Edwards Corp.* v. *Shintaffer* (1956) 143 Cal.App.2d 561, 562-564 [299 P.2d 912]; Cal. Construction Law Manual, *supra,* § 8.3, pp. 204-205.) In *Sparks* v. *Butte Co. Grav. M. Co., supra,* an issue identical to that in the instant case was presented. Plaintiff was a materialman who furnished construction materials directly to the owner. Plaintiff filed his lien beyond 30 days but within 60 days after the completion of his contract. Because he had supplied materials directly to the owner plaintiff claimed he was an original contractor and that his lien was timely filed. Our Supreme Court disagreed, holding that as no one employed by plaintiff could assert a mechanics' lien, plaintiff could not be considered a contractor but only a materialman whose lien was required to be filed within 30 days. (55 Cal. at pp. 391-392.)

The holding in *Sparks, supra,* is consistent with case law since the inception of the mechanics' lien statutes. As there is no one subordinate to the materialman who can assert a mechanics' lien, the identity of those who work under the materialman is unimportant to the owner and there would be no reason for the contract between the owner and the materialman to provide for the withholding of payment until certain employees of the ma-

terialman have been paid. *Nor is there any need to provide the materialman an extended period within which to file his mechanics' lien.*

■ Plaintiff asserts that where the owner contracts directly with those normally considered subcontractors, i.e., framers, plumbers, electricians, etc., each of those individuals become original contractors and each has 60 days within which to file a mechanics' lien. (See Cal. Construction Law Manual, *supra,* § 8.10, p. 211.) Plaintiff argues no sound reason exists to distinguish a materialman who contracts directly with the owner from the plumber or electrician who does the same.

Plaintiff's arguments are not new. In *Pacific Mutual L. I. Co.* v. *Fisher* (1895) 106 Cal. 224 [39 P. 758], the court held: "The chapter in the code relating to mechanics' liens does not contemplate that there can be no original contractor except for the entire work of constructing the building. For the purpose of constructing the building the owner may enter into different original contracts for the different departments of work involved therein. If he should enter into a contract with one person for the construction of the building in all its parts, except the painting, and should afterwards enter into a contract with another person to do the painting of the building, each of these individuals would be an original contractor, within the meaning of the statute, . . . [and] [t]he laborers and materialmen under him would be entitled to a lien, . . ." (*Id.,* at pp. 232-233.) In so holding, the *Pacific* court distinguished and reaffirmed its previous decision in *Sparks;* specifically, that a materialman who furnishes materials directly to the owner is not an original contractor for the reason that there can be no subcontractor or intervening lienor, and, consequently, the materialman must file his claim of lien within 30 days after the completion of the building. (*Id.,* at p. 233.)

We have carefully examined the evolution of the mechanics' lien law since its construction in *Sparks* and *Pacific.* We are unable to find a single case that demonstrates *Sparks* does not still present a correct construction of the mechanics' lien law. *Theisen, supra,* a case decided 80 years after *Sparks,* continued the long-standing distinction between materialmen on the one hand and contractors and subcontractors on the other, noting that those who work under a materialman have no mechanics' lien rights. (54 Cal.2d at pp. 176-179.) Under *Theisen,* which we perceive as controlling, there is no need for a materialman to have an extended period (i.e., 60 days) within which to file its mechanics' lien.

CONCLUSION

■ The California mechanics' lien law has been codified since 1872. (See *Theisen* v. *County of Los Angeles, supra,* 54 Cal.2d at p. 178.) We

have been presented with no case in which it has been held that one who does no more than supply materials to a work of improvement qualifies as either a contractor or subcontractor within the meaning of that law. We conclude that, notwithstanding the numerous amendments to the provisions regarding mechanics' liens, the Legislature has continued the long-standing distinction between a materialman as opposed to a contractor or subcontractor who performs all or a part of a work of improvement. Because plaintiff does not qualify as an original contractor within the provisions of sections 3095 and 3115, it was incumbent upon plaintiff to file its claim of lien within 30 days after recordation of the notice of completion. Having failed to do so, plaintiff's lien was invalid.

The judgment is affirmed.

Puglia, P. J., and Sparks, J., concurred.