[No. 11110. In Bank. — December 28, 1887.]

## LOUIS SCHWARTZ ET AL., RESPONDENTS, *v.* WILLIAM KNIGHT ET AL., APPELLANTS.

MECHANIC'S LIEN — MATERIAL-MAN — ORIGINAL CONTRACTOR. — One who furnishes materials directly to the owner, to be used in the construction of a building which is being erected by him, is not an original contractor, within the meaning of section 1187 of the Code of Civil Procedure.

ID. — FILING LIEN — COMPLETION OF BUILDING. — A claim of lien of a material-man, who is not an original contractor, must be filed within thirty days after the completion of the building for which the materials were furnished; and a filing of the lien prior to the completion of the building is premature.

ID. — BUILDING WHEN COMPLETED — ERECTION IN PART — ABANDONMENT OF WORK. — A building which is erected in part only should be held to be completed, within the meaning of section 1187 of the Code of Civil Procedure, when it appears that it was the original purpose of the owner so to erect it in part only, or when, having proceeded to erect it in part, he abandoned his design of finishing it.

ID. — FINDINGS — WHEN INSUFFICIENT TO SHOW ABANDONMENT. — In an action to foreclose the lien of a material-man which was filed before the actual completion of the building, the court found that on a date prior to the commencement of the action the carpenter work was completed, but that the building was not then and had not since been completed, and that neither of the plaintiffs at the time of furnishing the materials knew that it was not the intention of the owner to complete the building and leave it in an unfinished state. *Held,* that the findings were insufficient to show that the original purpose of the owner was to build in part only, or that the original purpose to finish the building had been abandoned.

APPEAL from a judgment of the Superior Court of San Luis Obispo County.

The action was brought to foreclose the lien of a material-man for materials used in the construction of a building. On the 1st of October, 1883, the defendant Sarah Knight commenced the construction of a dwelling-house, of which she was the owner. Between that date and January 1, 1884, the plaintiffs sold and delivered to her building materials, to be used and which were actually used in the building, of the value of $728.25, for which she promised to pay plaintiffs cash on the delivery thereof, but has never paid the same. The carpenters finished their work on the building in January, 1884, but the building was not then, nor at the time of trial (September 8, 1884), completed. On May 10, 1884, plaintiffs filed their claim of lien in the recorder's office, and commenced this action on June 20, 1884. On the trial, judgment was rendered in favor of the plaintiffs, from which the defendants appealed. The further facts are stated in the opinion of the court.

*F. Adams,* and *V. A. Gregg,* for Appellants.

*J. M. Wilcoxon,* for Respondents.

McKinstry, J.—The appeal is from the judgment by the defendants, who insist it should be reversed because it appears from the findings that plaintiffs did not file their notice of lien until one hundred days after they had furnished materials for the house. But the plaintiffs were not "original" contractors, within the meaning of section 1187 of the Code of Civil Procedure. (*Sparks* v. *Butte County etc.,* 55 Cal. 392.) As they were not original contractors, the law required them to file their lien within thirty days after the completion of the buildings (Code Civ. Proc., sec. 1187), and the filing of a lien prior to its completion was premature. (*Perry* v. *Brainard,* 8 West Coast Rep. 429; *Roylance* v. *San Luis Hotel Co., ante,* p. 273.)

The code does not mean that the building, if, as in

this case, it was intended to be a dwelling-house, must be completed in all respects as contemplated by the plans and specifications, or even that it shall have become habitable as a dwelling. Ordinarily the lien cannot be filed until a building is so completed. But when it is made to appear that it was the original purpose of the owner to erect and build it in part only, or that the owner, having proceeded to erect the house in part, abandoned his design of finishing it, the building should be held to be completed, within the meaning of section 1187, from the time it was so built in part. The purpose of the owner may be inferred from his acts or omissions, but the ultimate fact to be determined is his original or substituted purpose to leave the building unfinished. The owner of property on which a building has been commenced cannot deprive the material-man or laborer of his lien by refusing or omitting to finish the building.

In *Harmon* v. *Ashmead*, 68 Cal. 322, the complaint alleged that at the date of the commencement of the action the building had not been completed; that the defendant did not intend to complete it; and that he had notified the plaintiffs to that effect. The lien was decreed. The question is but incidentally referred to, but was included in the judgment recognizing and enforcing the lien of a material-man, in *Germania* v. *Wagner*, 61 Cal. 349. In that case, the building was not completed, " but work thereon ceased July 16, 1881, and has never been resumed."

But to uphold a lien filed before the actual completion of a building, it should distinctly appear that the original purpose was to build it in part, or that the original purpose to finish it was abandoned.

The present action was commenced June 20, 1884. The appeal is on the findings alone, and the court below found that the work of the *carpenters* employed in the construction of the building was completed in the month

of January, 1884, but that the said building "was not then and is not now completed." There is no direct finding that between the last of January and the 20th of June no work was done on the house by masons, plasterers, plumbers, painters, or others than carpenters; nor any finding that work of some kind was not actually progressing when this suit was brought. The finding should be at least of facts from which it might be clearly inferred that it never was the intention of the defendant to complete the house, or that she had abandoned such intention.

After finding that the carpenters completed their work in January, and the dwelling-house was not completed at the commencement of the action, the court found "that neither of the plaintiffs at the time of furnishing the materials knew that it was not the intention of the defendant Sarah to complete said building and leave it in an unfinished state."

This is not a finding that such was her intention, or that the completion was abandoned by her.

Judgment reversed, and cause remanded for a new trial.

McFARLAND, J., TEMPLE, J., SEARLS, C. J., PATERSON, J., SHARPSTEIN, J., and THORNTON, J., concurred.