## CALIFORNIA POWDER WORKS v. BLUE TENT CONSOLIDATED HYDRAULIC GOLD MINES OF CALIFORNIA, LIMITED.

### No. 11,896; October 8, 1889.

#### 22 Pac. 391.

**Mechanics' Liens—Mines—Notice.**—The Claimant of a lien for materials furnished set out in its notice that the claimant undertook to furnish to a certain mining company explosives in such quantities as it might require, each parcel to be paid for at delivery, or as soon thereafter as might be, with interest upon such payments in case of delay. Held, that this notice was in substantial compliance with Code of Civil Procedure, section 1187, requiring such claimant to state the terms, time given, and conditions of his contract, wherein the words "time given" mean the time of payment for the materials furnished.[1]

**Mechanic's Lien—Mines—Notice.**—Code of Civil Procedure, section 1187, which provides that the notice of such claim must be filed within thirty days after the completion of the improvement, alteration, etc., does not refer to the operation of the mine, which may be continuous in its nature, as the thing to be completed.

**Mechanic's Lien—Mines—Time for Filing.**—As the right to a lien does not attach until the materials have been used, plaintiff does not lose such right by a failure to file its claim within thirty days after the materials were furnished.[2]

---

[1] Cited and approved in Barker & Stewart Lumber Co. v. Marathon Paper Mills Co., 146 Wis. 22, 130 N. W. 869, where, discussing explosives as a subject of a mechanic's lien, the court says that in these cases the liens have been granted on the principle that when the material is used directly upon the work or structure itself, instrumental in producing the final result, and is actually consumed in the use, it may be said to have entered into and to form a part of the completed structure.

[2] Cited as authority in Reed v. Norton, 90 Cal. 599, 26 Pac. 769, where, as to the significance of the word "used," the court says: "If this hardware and building materials were affixed and attached to the building, they must be said to have been used in the construction and erection of it.".

APPEAL from Superior Court, City and County of San Francisco; F. W. Lawler, Judge.

Olney, Chickering & Thomas for appellant; Pillsbury & Blanding for respondent.

BELCHER, C. C.—This action was brought to recover judgment for a balance due for powder and other explosive materials sold by plaintiff to defendant for use, and actually used, upon defendant's mining property in Nevada county, and to enforce a lien therefor on the property. The complaint was demurred to on the ground of ambiguity, the demurrer was overruled, and thereupon the defendant answered. After trial, judgment was rendered in favor of plaintiff for the amount prayed for, including an attorney's fee, and the whole amount was declared to be a valid lien upon the property. The appeal is taken by defendant from the judgment, and an order denying a new trial.

The court found upon every issue in favor of plaintiff. The appellant concedes that the finding as to the amount of the indebtedness was authorized, and no objection is made to the judgment in so far as it relates to that indebtedness; but it is contended that plaintiff was not entitled to a lien, and that the part of the judgment which awarded an attorney's fee, and declared the judgment a lien upon the property, was erroneous. It is admitted that, if plaintiff was entitled to a lien, the amount awarded as an attorney's fee was reasonable and proper. The material facts of the case are, in substance, as follows: Plaintiff was a corporation, organized in this state, and engaged in the business of manufacturing powder and other explosives. Defendant was a foreign corporation, engaged in the business of mining in Nevada county, in this state. In 1875, defendant, by its attorney in fact and general manager, Thomas Price, entered into a contract with plaintiff, by which plaintiff agreed to furnish defendant with all the powder, caps, and fuse it should need to develop and work its mine, the materials so furnished to be paid for upon the delivery of each parcel thereof, or as soon thereafter as might be, and, in case of delay in payment, the amount delayed to bear interest at the rate of one per cent per month. No specific quantity was named, but plaintiff was informed

that, under the contract, defendant would probably need from eight to ten carloads a year. No time was named for the completion of the contract, and it remained in force without any change of terms till within thirty days prior to November 1, 1883. Under the contract plaintiff furnished defendant with explosives from time to time, as they were ordered, up to the sixteenth day of July, 1883; and all the materials thus furnished were used by defendant in the construction of ditches and tunnels, and in other work upon its mine. Payments on account of such supplies were made from year to year, whenever a clean-up was made. The last clean-up was made about the 1st of September, 1883, and the last payment on the fourth day of that month. General work upon the property ceased at the time of the last clean-up, but some work to protect and keep the property in repair continued to be done till the 1st of November. On the thirty-first day of October, 1883, an account was stated between the plaintiff and defendant, the defendant acting by its attorney in fact, Thomas Price, and the amount found and agreed to be due plaintiff for materials furnished under the contract was $77,-447.76. On the next day, November 1st, plaintiff filed its claim of lien for this sum, and thereafter, in proper time, commenced this action.

1. The demurrer was properly overruled. We see no material ambiguity or uncertainty in the complaint, and no argument upon this point is made for appellant.

2. It is contended that the notice of lien was insufficient, because the contract set out had no date, and the notice did not specify any time when the contract was made, or when any transaction was had between the parties. All that the law required a claimant to state in his claim of lien, as to the contract, was "the terms, time given, and conditions of his contract" (Code Civ. Proc., sec. 1187); and it has been held that the words "time given" mean not the date or time when the contract was made, but "the time of payment for the work and labor performed and materials furnished, as agreed on and expressed in the contract": Hills v. Ohlig, 63 Cal. 104. The terms, time given, and conditions of the contract under which the materials were furnished in this case, as stated in the claim of lien, were that the plaintiff (naming it) "should, and it undertook that it would, thereafter, continuously, and

from time to time, and in such quantities as the said" defendant (naming it) "should thereafter request, furnish to said" defendant, and that the said defendant "should take and receive of and from the said" plaintiff, "in such quantities as said" defendant "might require in its said business, the said blasting powder, caps, and fuse; and that said material so delivered should be paid for upon delivery of each parcel, or as soon thereafter as might be; and that in case of delay in payment the said" defendant "should pay interest upon the amount so delayed at the rate of one per centum per month."

We find nothing in the law requiring any statement in the claim of lien as to the date of the contract, or as to when the transactions were had between the parties, and in our opinion the notice filed by plaintiff was in substantial compliance with the requirements of the statute.

3. It is next contended that the notice of lien was prematurely filed. This contention is based upon the provisions of the Code of Civil Procedure, fixing a time within which a notice of lien must be filed. The provision is that all persons other than original contractors (and that plaintiff was not an original contractor, see Sparks v. Mining Co., 55 Cal. 389, and Schwartz v. Knight, 74 Cal. 432, 16 Pac. 235) must file the notice within thirty days after "the completion" of the improvement, alteration, etc. It is alleged in the complaint that "the construction, alteration, and repair of said mining claim, ditch, ditches, aqueducts, tunnels, and other structures on said premises, has been, during all said time, kept up by said defendant, and the same has not been completed." And it is argued that if there had been no "completion" the notice was premature. The record shows that the defendant's mining claim embraced six hundred and forty acres of mineral land; that defendant had been mining on the claim for eight years, and only about fifteen acres had been worked off; that the operations carried on were the ordinary operations of hydraulic mining, and that the powder used for the mine was used in blasting down the banks, and in pulverizing the cement. It is evident that work upon a mine like this is continuous in its nature and has no definite completion, but may go on for fifty years or more. The statute, therefore, cannot have reference to the work upon the mine as the thing to be

completed. To hold otherwise would, in effect, be saying that the legislature was guilty of the absurdity of referring to the completion of a thing which has no necessary completion, but may go on indefinitely. We do not think the claim was filed prematurely.

4. It is next urged that the claim, if not filed too soon, was filed too late, and was therefore invalid. The argument is based upon the fact that all the materials for which a lien is claimed were sold and delivered by plaintiff to defendant more than thirty days prior to November 1, 1883. But the right to a lien did not attach when the materials were furnished. To give it that right it was necessary for the plaintiff to show not only that it had sold the materials to be used on the defendant's mine, but that they had actually been so used: Silvester v. Mine Co., 80 Cal. 510, 22 Pac. 217 (opinion filed September 11, 1889). Evidently, when a party obtains blasting powder to be used in mining operations, as in this case, very little, if any, of it would ordinarily be used on the day of its delivery, and most or all of it might not be used for days or months thereafter. Here it appears that all the powder furnished by plaintiff had been actually used by defendant when the lien was filed, but it does not appear at what particular time or times the last of it was so used. It must follow, therefore, that the plaintiff did not lose its right to a lien because of its failure to file its claim within thirty days after the materials were furnished.

5. It is not questioned that a materialman may have a lien in a case like this, and that he can have one: See Giant Powder Co. v. Flume Co., 78 Cal. 193, 20 Pac. 419. This being so, the question remains, Was the plaintiff's claim filed in time? The only provision of the statute upon the subject is that ''every person, save the original contractor, claiming the benefit of this chapter, must, within thirty days after the completion of any building, improvement, or structure, or after the completion of the alteration or repair thereof, or the performance of any labor in a mining claim, file for record,'' etc.; Code Civ. Proc., sec. 1187. There was, however, as we have seen, no completion of the improvement of the mine, or of the alteration or repair thereof. The language quoted is therefore not strictly applicable to the case in hand, and no definite time was fixed within which

the claim was required to be filed, unless the use of the material or the suspension of work on the mine should be treated as the completion referred to: See Schwartz v. Knight, supra. But if no definite time was fixed by statute, then it was necessary only that the claim be filed within a reasonable time, and we cannot say that it was not so filed. If, on the other hand, the thirty days commenced to run when the last of the material was used, or when work was suspended on the mine, still we cannot say that the filing was not in time. The court found that ''the defendant was engaged in the mining business upon the premises described in the complaint in this action, and was using the said premises, and the whole thereof, including the said ditches, flumes, aqueducts, reservoirs, tunnels, and other structures and improvements for that purpose, and had been so engaged in the business of mining upon said premises, and using the same for that purpose, within the period of thirty days next prior to said first day of November.'' This finding is assailed as not justified by the evidence, and it is specified that ''the evidence shows that the defendant herein was not engaged in the mining business upon the premises described in the complaint at any time after the first day of October, 1883.'' But we think there was evidence tending to support the finding. A witness for the plaintiff testified that ''there was more or less work being done all the time in 1883 upon this property, to keep it in repair and condition up to the time this lien was filed.'' And, again: ''The defendant operated the mine all the time, down to the filing of the lien.'' At most it can only be said, we think, that there was a conflict of evidence upon this subject.

It results, in our opinion, that the judgment and order should be affirmed.

We concur: Foote, C.; Gibson, C.

PER CURIAM.—For the reasons given in the foregoing opinion the judgment and order are affirmed.