Argued March 16; decided June 15, 1896.

## INMAN *v.* HENDERSON.
[45 Pac. 300.]

1. TIME OF FILING LIEN BY MATERIAL MAN—"CONTRACTOR."— A material man who has no contract for the erection of a building, but who furnishes material directly to the owner for use in its construction, from time to time, on a running account, is not an "original contractor" within the meaning of section 3673, Hill's Code, and must file his claim for a lien within thirty days after the last material is furnished, or after the completion of the building.

2. EFFECT OR REVIVAL OF LIEN ON RIGHTS OF MORTGAGER.— The furnishing of additional articles, by agreement with the owner, after the expiration of the time limited for filing the lien, for the purpose of reviving the right, will not have that effect as against a mortgagee who is not a party to the transaction.

APPEAL from Multnomah: L. B. STEARNS, Judge.

This is a suit to foreclose mechanics' liens in favor of Inman, Paulson and Company and defend-

ant F. E. Beach upon the property of the defendant S. J. Henderson. Without detailing the evidence, the facts appear to be that about November first, eighteen hundred and ninety-two, the defendant Henderson commenced the construction of the dwelling-house numbered one on property belonging to her in Multnomah County, which was substantially completed about the fifteenth of March, eighteen hundred and ninety-three, and then occupied by her. The plaintiff furnished her, on a running account as ordered from time to time, with lumber and other material to be used and which was used in the construction of the said house, of the reasonable value of one hundred and seventy dollars and thirty-five cents. On December seventh, eighteen hundred and ninety-two, she commenced the construction of another dwelling on an adjoining lot, which is known as house number two, and which was substantially completed about the twenty-second of April, eighteen hundred and ninety-three. For this house the plaintiff also furnished in like manner building material to be used and which was used therein, of the value of two hundred and thirty-three dollars and ninety-five cents. On June twentieth, eighteen hundred and ninety-three, more than thirty days after the completion of both houses, and more than thirty days after it had ceased to furnish material for either of them, the plaintiff, for the express purpose, as the evidence clearly shows, of reviving its lien, furnished, upon the order of Mrs. Henderson's agent, fifty feet of flooring to be used ostensibly in the construction of a porch in front of each of the

houses at some indefinite future time, but which in
fact was never so used, and was finally sold by her
to some other party. On the fourteenth of July,
eighteen hundred and ninety-three, the plaintiff filed
the claim of lien on house number one for one
hundred and seventy-one dollars and ten cents, and
on house number two for two hundred and thirty-
three dollars and ninety-five cents for the foreclos-
ure of which this suit is brought. The defendant
Beach, between the seventh of December, eighteen
hundred and ninety-two, and the twenty-third of
April, eighteen hundred and ninety-three, furnished
building material on a running account as ordered
by Mrs. Henderson from time to time to be used
and which was used in said buildings, of the reason-
able value of one hundred and seventy-one dollars
and thirteen cents, of which amount thirty dollars
has been paid. Beach furnished no other material
for either of the houses until about the tenth of
June, eighteen hundred and ninety-three, when, "for
the purpose of keeping his lien good on the house,"
he furnished one gallon of floor paint of the value
of one dollar and fifty cents, upon an order obtained
from Mrs. Henderson through the solicitation of
Beach's agent, which was used in painting a floor in
one of the houses. And on July eighth, eighteen
hundred and ninety-three, he filed a claim of lien
for the balance due on his account. After the con-
struction of the two houses had been commenced
Mrs. Henderson mortgaged the property to the Wash-
ington National Building, Loan, and Investment As-
sociation, the respondent on this appeal. The court

below having held the liens of the plaintiff and
Beach valid as to Mrs. Henderson, but void as to
the mortgagee, ordered the liens foreclosed, and the
property sold subject to the mortgage, and from that
portion of the decree which postpones their liens to
that of the mortgagee the plaintiff and defendant
Beach appeal.                                    AFFIRMED.

For appellants there was a brief and an oral ar-
gument by *Messrs. Ralph R. Dunniway* and *Geo. G.
Gammans.*

For respondent there was a brief and an oral ar-
gument by *Mr. Guy G. Willis.*

1. The decree did not establish the liens as
against the mortgagee, and hence did not affect any
of its substantial rights, or afford it any grounds for
an appeal. The material question between the lien
claimants and the respondent, in the court below
and here, is the validity of the mechanics' liens as
against the mortgagee. The court below in adjusting
these rights held that as between the lien claimants
and Mrs. Henderson the lien was valid, because their
right thereto was revived by her ordering additional
material for that express purpose, but that such an
arrangement between the owner and the lien claim-
ants was not binding on the mortgagee. And in
this view, so far as it affects the interests of the
mortgagee, we fully concur. The lien claimants in
this case were not original contractors, but material
men, and, under the statute, were required to file
their liens within thirty days after they ceased to

furnish material or after the building was completed: *Ainslie* v. *Kohn*, 16 Or. 363 (19 Pac. 97). We take the law to be that a material man who furnishes material directly to the owner on a running account as ordered from time to time is not an original contractor in the constiu tion of the building for which the material is furnished, within the sense of the statute, and must file his lien within thirty days. This is the construction of the mechanics' lien law of California, after which ours is largely modeled: *Sparks* v. *Butte County Gravel Mining Company*, 55 Cal. 389; *Schwartz* v. *Knight*, 74 Cal. 432 (16 Pac. 235).

2. In this case the time within which the lien claimants' liens could be filed had expired before any additional articles were ordered or furnished, and if the furnishing of such articles, under the circumstances disclosed by the evidence, revived or renewed their liens as against the owner, it could not affect the rights of the mortgagee who was not a party to the transaction: *Brown* v. *Moore*, 26 Ill. 421; *Kelly* v. *Kellogg*, 79 Ill. 477; *Central Trust Company* v. *Chicago K. and T. Railway Company*, 54 Fed. 598. One who takes a mortgage on land after the construction of a building thereon has been commenced, holds it subject to any valid mechanics' lien the claim of which may be filed within the time required by statute, (Code, § 3671,) but the interests of the mortgagee cannot be affected by any agreement between the owner and the lien claimant extending the time in which to file such claim, even

if such agreement is valid as between them: Phillips, on Mechanics' Liens, §§ 297, 322*a*, 327.

The appellants contend that, as no appeal has been taken from the decree of the court establishing the liens as against Mrs. Henderson, it is valid and binding on all the parties to this suit, so that the question on this appeal is one of priority between the· established mechanics' liens and the mortgage. As to Mrs. Henderson, the decree of the court below must, of course, be accepted as correct, because she has not appealed, but the appeal before us challenges its correctness so far as it subordinates the liens for material to that of the mortgagee, and we think the mortgagee, having denied by its answer the validity of the mechanics' liens, may insist on this appeal that they are void as against it, for any sufficient reason appearing from the record, and that it was not compelled to appeal from the decree against Mrs. Henderson to raise that question.

It follows that the decree of the court below must be affirmed.                          AFFIRMED. ·

Decided June 15, 1896.