Opinion
JONES, J.
These two cases are consolidated by this court on appeal. The sole issue in these appeals is whether or not a claim of lien was prematurely filed by plaintiff subcontractor for gunite provided to defendants’ swimming pool construction. The gunite was delivered and installed in August 1978, preliminary notice was then given as required by Civil Code section 3097 and a lien claim was filed for record in each case on September 21, 1978. Neither pool was completed, however, un *Supp. 14 til March 1979; a notice of completion (Civ. Code, § 3093) was duly recorded thereafter by each of the property owners.
Civil Code section 3116 provides: “Each claimant other than an original contractor, in order to enforce a lien, must record his claim of lien after he has ceased furnishing labor, services, equipment, or materials, and before the expiration of (a) 90 days after completion of the work of improvement if no notice of completion or cessation has been recorded, or (b) 30 days after recordation of a notice of completion or notice of cessation.”
A plain untortured construction of the foregoing section seems to provide for a lien claim to be filed by one other than the original contractor at anytime after he has ceased furnishing labor, services, equipment or materials, but not later than the expiration dates prescribed. Defendants, however, successfully argued in the trial court and now contend on appeal that recording of a lien before completion of the entire work of improvement is premature and void, citing the cases of Schwartz v. Knight (1887) 74 Cal. 432 [16 P.235], and Stanislaus Lbr. Co. v. Pike (1942) 51 Cal.App.2d 54 [124 P.2d 190]. We disagree.
Schwartz v. Knight, supra, construed a predecessor section, Code of Civil Procedure section 1187, which provided at that time, insofar as pertinent to this appeal, that “. . . every person save the original contractor, claiming the benefit of this chapter, must, within thirty days after the completion of any building, improvement, or structure . . .” file for record his claim of lien. The Supreme Court in that case construed the language of the section to require the work of improvement to be entirely completed before a lien claim could be filed.
In 1911, however, section 1187 was amended to read “.. . every person save the original contractor claiming the benefit of this chapter, within thirty days after he has ceased to labor or has ceased to furnish materials, or both . . . must file for record ... a claim of lien . . .. ” (Stats. 1911, ch. 681, § 4, p. 1316.) As so amended, the commencement date for filing was viewed differently in McCreary v. Toronto Midway Oil Co., Ltd. (1918) 38 Cal.App.17 [175 P.87], where the court stated: “.. . section 1187 of the Code of Civil Procedure, provides that every person save the original contractor shall file his claim of lien within thirty days after he has ceased to labor. This necessarily means that the last day on which he labored must have passed before he can file his *Supp. 15 claim.” (Id., p. 20.) This construction of the section, when it was in a form more closely resembling the current statute (Civ. Code, § 3116), is in harmony with our interpretation.
The case of Stanislaus Lbr. Co. v. Pike (1942) 51 Cal.App.2d 54 [124 P. 190], is not in point, as it deals only with the matter of when the statutory limitation of time within which the claim of lien may be filed begins to run. The subject of when a lien claim may first be filed was not involved nor addressed in that case.
The judgment for defendants is reversed. Since each case was submitted on an agreed statement of facts, the trial court is ordered on remand to enter judgment for plaintiff as prayed. Plaintiff to recover costs on appeal.
Fainer, P. J., and Foster, J., concurred.